James L. Davidson (*pro hac vice*)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
(561) 826-5477
jdavidson@gdrlawfirm.com

Counsel for Plaintiff and the proposed class

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Sharhonda Gatlin, *on behalf of herself and others similarly situated*,

Plaintiff,

v.

Hughes Federal Credit Union,

Defendant.

No.: 2:25-cv-04441-SMB

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND HER COMPLAINT**

Sharhonda Gatlin ("Plaintiff") moves this Court for leave to file an Amended Class Action Complaint for the reasons set forth below.

**Factual Background**

This is a class action against Hughes Federal Credit Union ("HFCU") for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff initiated this lawsuit on December 1, 2025, alleging HFCU delivered unwanted artificial or prerecorded voicemail messages to her cellular telephone number, without her consent, and intending to reach someone she did not know, in violation of the TCPA. *See* ECF No. 1.

Plaintiff served her initial set of written discovery requests on HFCU on March 5, 2026. *See* ECF No. 5.

This Court entered a Case Management Order on March 10, 2026. ECF No. 13. Relevant here, this Court set May 11, 2026 as the deadline to amend pleadings. *Id*.

HFCU subsequently requested, and Plaintiff agreed to, an extension until May 15, 2026 for HFCU to serve its responses to Plaintiff's initial set of written discovery. HFCU also identified a third party with which HFCU states placed the calls at issue to Plaintiff on HFCU's behalf.

On April 29, 2026, Plaintiff filed a motion to extend the amendment deadline. ECF No. 15. Plaintiff explained through her motion that she may need to amend her complaint given that a third-party placed the at issue calls on behalf of HFCU. *Id*. But Plaintiff desired more time to make that decision so that she could obtain HFCU's forthcoming discovery responses which were likely to shed more light on that issue. *Id*. Plaintiff's motion to extend was not opposed by HFCU and remains pending before this Court.

HFCU served its responses to Plaintiff's initial set of written discovery on May 15, 2025, and subsequently on May 22, 2026, HFCU produced to Plaintiff a copy of the contract between it and the third-party vendor that placed the calls on its behalf. The parties then conferred regarding Plaintiff seeking leave to amend her complaint, as well as Plaintiff filing her proposed amended complaint under seal.

**Argument**

Through discovery, Plaintiff learned that a third-party vendor delivered the artificial or prerecorded voicemail messages at issue to her cellular telephone on behalf of HFCU. Plaintiff thus seeks to amend her complaint to add allegations against HFCU that support a claim for vicarious liability. *See Workman v. CarGuard Admin. Inc.*, No. CV-23-00961-PHX-DLR, 2024 WL 249160, at *2 (D. Ariz. Jan. 23, 2024) (Rayes, J.) ("A plaintiff may bring a TCPA claim under theories of direct or vicarious liability.").[1]

---

[1] Internal citations and quotations are omitted, and emphasis is added, unless otherwise noted.

Plaintiff's proposed amended complaint also modifies her proposed class definition to take into account the third-party vendor's involvement in the calls at issue. *See Dunbar v. Google, Inc.*, No. 5:12-CV-003305-LHK, 2012 WL 6202797, at *19 (N.D. Cal. Dec. 12, 2012) ("[I]n light of Rule 15(a)'s prescription that courts should freely give leave when justice so requires, the [c]ourt thinks it prudent to allow Plaintiff leave to amend so that his Amended Class definition may be fully tested in the context of a Motion for Class Certification.").

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit directs courts to apply this policy with "extreme liberality." *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1161-62 (9th Cir. 2021).

The Supreme Court has counseled that "leave sought should ... be freely given absent: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

A plaintiff must demonstrate "good cause" to modify a scheduling order. Fed. R. Civ. P. 16(b)(4). Under this standard, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[I]n determining good cause [under Rule 16 the court] considers four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *C.F. v. Capistrano Unified School Dist.*, 656 F.Supp.2d 1190, 1196 (C.D. Cal. 2009).

Newly discovered facts can constitute good cause to modify a scheduling order. *Mentor Graphics Corp. v. EVE-USA, Inc.*, 13 F. Supp. 3d 1116, 1121 (D. Or. 2014). "Allowing parties to amend based on information learned through discovery is common and well established" under Rule 16. *Fru-Con Const. Corp. v. Sacramento*

*Mun. Util. Dist.*, No. Civ. S-05-583 LKK/GGH, 2006 WL 3733815, at *5 (E.D. Cal. Dec. 15, 2006).

Here, there is good cause to allow the amendment, and there was no undue delay or bad faith on the part of Plaintiff. Plaintiff obtained from HFCU the contract detailing the relationship between HFCU and AP on May 22, 2026. *See, e.g.*, *Smith v. Martorello*, No. 3:18-cv-01651-AR, 2022 WL 2705510, at *3 (D. Or. Jun 8. 2022) ("Moving to amend within weeks of learning new information generally shows diligence under Rule 16."). In addition, Plaintiff sought leave of this Court to extend the amendment deadline in advance of the deadline. *See* ECF No. 15.

Moreover, Plaintiff could be prejudiced if she is prevented from amending her complaint to add vicarious liability allegations. Indeed, some courts have held that direct liability claims under the TCPA fail when the allegedly offending party used a non-party agent to place the violative calls at issue. *See, e.g.*, *Cunningham v. Trilegiant Corp.*, No. 3:15-cv-989, 2016 WL 10650606, at *3 (M.D. Tenn. Aug. 26, 2016) ("In his proposed second amended complaint, the Plaintiff alleges that third parties placed the offending phone calls 'by or on behalf of Trilegiant.' These allegations do not plausibly suggest that Defendant Trilegiant committed the physical act of initiating unlawful phone calls. As such, leave to amend on the basis of direct liability would be futile, as the proposed amendment would not survive a Rule 12(b)(6) motion to dismiss."); *but see Greenberg v. Sala*, 822 F.2d 882, 886 (9th Cir. 1987) ("[A]s a matter of law, allegations of agency, vicarious liability, and/or respondeat superior are not required. A person legally responsible for an act may be alleged to have committed it without going into the theories which support that ultimate fact.").

Given as much, Plaintiff restfully requests leave to file an amended class action complaint.

## Conclusion

Plaintiff respectfully requests that this Court grant her leave to file her Amended Class Action Complaint, which is attached hereto as Exhibit "1" in redlined form pursuant to LR 15(a). HFCU does not oppose the relief requested through this motion.

Dated: June 9, 2026

*/s/ James L. Davidson*
James L. Davidson (*pro hac vice*)
Greenwald Davidson Radbil PLLC